principles of collateral estoppel, see *Simpson* v. *Florida*, 403 U. S. 384 (1971); *Ashe* v. *Swenson*, 397 U. S. 436 (1970). These, as well as the other federal questions that petitioner has raised in the state courts, are open to and will presumably receive careful consideration from the federal court with habeas corpus jurisdiction over the case.[10]

The long delay that has occurred in this case is a matter of public concern and a matter that is relevant to any consideration of the efficacy of capital punishment. The State's dubious procedural scheme that allows a judge to override a jury's appraisal of the seriousness of a capital defendant's crime has resulted in eight years of litigation. Those years of litigation, and the costs that they have imposed on lawyers, judges, and court administrators, have not furthered any societal interest in incapacitation: since petitioner has been incarcerated continuously from the date of his trial, he has presented no greater threat to the community than if he had been executed promptly after the trial was completed. Nor, since juries presumably represent a fair cross section of the community, has the cost served any compelling interest in satisfying an outraged community's desire for revenge or retribution. The delay, however, is manifestly not relevant to, and should have no impact on, petitioner's entitlement to consideration of his substantial federal claims by the federal courts.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentence in this case.

No. 88–5751.　VAN CLEAVE *v.* INDIANA, 488 U. S. 1019;
No. 88–5957.　GRANT *v.* CALIFORNIA, 488 U. S. 1050;
No. 88–5981.　WILLIAMS *v.* CALIFORNIA, 488 U. S. 1050;
No. 88–6341.　BONIN *v.* CALIFORNIA, 489 U. S. 1091; and
No. 88–6767.　POLLACK *v.* UNITED STATES, 490 U. S. 1027.
Motions for leave to file petitions for rehearing denied.

---

[10] Cf. *Ashe* v. *Swenson*, 397 U. S., at 437, n. 1 (applying *Benton* v. *Maryland*, 395 U. S. 784 (1969), retroactively to cases on federal habeas).